■ KENNETH INGENITO, Respondent, v A. DOUGLAS JOBSON, Appellant, et al., Respondent.—In a proceeding to invalidate petitions designating A. Douglas Jobson as a candidate in the Republican Party primary election to be held on September 12, 1989, for the public offices of Superintendent of Highways for the Town of Stony Point and Rockland County Legislator, District 1, the appeal, as limited by the appellant's brief, is from so much of a judgment of the Supreme Court, Rockland County (Hillery, J.), dated August 8, 1989, as granted the application to the extent of directing A. Douglas Jobson to choose between the two public offices for which he is running and to remain a candidate for only one of these two public offices.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the time for the appellant to elect in writing between the two offices for which he is running is extended until August 28, 1989.

It is undisputed that Municipal Home Rule Law § 10 (1) (a) (13) (b) partially superseded County Law § 411, which forbade the holding of dual elective county offices *(see, Abate v Mundt,* 25 NY2d 309, 317-318). Municipal Home Rule Law § 10 (1) (a) (13) (b) permits the following: "(b) A plan of apportionment adopted by a county under this subparagraph may provide that mayors of cities or villages, supervisors of towns or members of the legislative bodies of cities, towns, or villages, who reside in the county shall be eligible to be elected as members of the county legislative body".

The appellant urges that Local Laws, 1971, No. 4 of the County of Rockland § 2 allows him to hold dual offices. That provision states: "Notwithstanding the provision of any local law, resolution or other act of the former board of supervisors, or of the legislature of Rockland County, an elected county official may, at the same time, hold any other elective town or village office, *unless the holding of such other elective town or village office is prohibited by the general laws of the State of New York,* and except that a town supervisor may hold only the elective county office of member of the legislature of Rockland County" (emphasis added). Municipal Home Rule Law § 2 (5) defines a "General law" as follows: "A state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages". County Law § 411, which applies to "any elective county officer", is a general law.

The appellant's attempt to run for two offices is barred by County Law § 411. As was noted by the Supreme Court in this case, Municipal Home Rule Law § 10 (1) (a) (13) (b) qualified the absolute prohibition of dual office holding contained in County Law § 411. However, that qualification is limited to specified public offices, and is not applicable in this case. Kunzeman, J. P., Eiber, Spatt, Harwood and Balletta, JJ., concur.